Julia STROUD, Appellant,

v.

Ray STEININGER, Appellee.

No. 88–1280.

District of Columbia Court of Appeals.

Argued April 11, 1989.
Decided Sept. 15, 1989.

Michele Levy, Neighborhood Legal Services Program, for appellant.

Michael E. Brand, Washington, D.C., for appellee.

Before MACK and FERREN, Associate Judges, and GALLAGHER, Senior Judge.

**PER CURIAM.**

This is a landlord/tenant case in which the tenant appeals from the trial court's order granting summary judgment to the landlord in this action for possession in the Landlord and Tenant Branch of the Superior Court.[1] We reverse the trial court's order granting summary judgment and remand with instructions.

Appellant is a month-to-month tenant of a basement apartment in a twenty-nine-unit building owned by the landlord. On June 22, 1987, the landlord served upon the tenant a Notice to Quit and Vacate on the grounds that he intended to discontinue the housing use of the rental unit.[2] The notice, on its face, met the requirements of D.C. Code § 45–2551(i) (1986 Repl. & 1989 Supp.). In accordance with § 45–2551(a), the notice was also served upon the Rental Accommodations and Conversion Division of the D.C. Department of Consumer and Regulatory Affairs (hereinafter RACD).

The RACD issued a notice of non-compliance dated June 23, 1987. The notice stated that the Notice to Vacate "appear[ed] to be Prima Facie in violation" of D.C.Code §§ 45–1631 and 45–2551(i)(1)(F) (1986 Repl.). It explained that § 45–1631 provides that the owner of a housing accommodation must first provide the tenant an opportunity to purchase the housing accommodation before discontinuation and § 45–2551(i)(1)(F) provides that a landlord must file with the Rent Administrator a statement giving the reason for the discontinuation of the housing use of the housing accommodation and the future plans for the property. "A review of the Notice to Vacate," the notice of non-compliance stated, "reflect[s] that you are in violation of [§ 45–2551(i)(1)(F).]" The notice stated that "the rent administrator hereby orders that you do not use this invalid notice to vacate as a basis for the eviction" and that "all parties are advised that this notice of non-compliance may be offered as evidence in any court proceeding on this matter, but

1. This court granted a stay of eviction pending this appeal.

2. The landlord has stated in a sworn affidavit that he intends to create a second exit in the basement and enlarge current laundry and storage facilities, and that such renovations require the elimination of the tenant's apartment.

its admissibility and effect are within the discretion of the court." The notice also stated that if the landlord neither submitted legal argument nor requested a hearing, the notice would become permanent in eighteen days.

In a letter dated July 2, 1987, counsel for the landlord wrote to the RACD, stating (1) that he was unable to request a hearing or write a memorandum because the notice of non-compliance did not inform him specifically what the defect in the notice was, and (2) that the statement to the RACD required by D.C.Code § 45–2551(i)(1)(F) had not been filed and he thus was enclosing such a statement with his letter. In that statement, counsel noted that the landlord was discontinuing the housing use of only one unit in a multiple unit building and thus no offer to sell to the tenant was required. Counsel requested that if any defect in the Notice to Vacate remained after receipt of the statement, the RACD issue a new notice of non-compliance clearly stating the defect. The RACD never responded to this letter or further communicated with either the landlord or tenant. Upon expiration of the notice to vacate, the landlord initiated this action for possession.

■ The general rule is that administrative remedies must be exhausted before judicial relief may be sought. *O'Neill v. Starobin*, 364 A.2d 149, 153 (D.C.1976). The reasons behind the exhaustion doctrine seem particularly applicable in this context where the determination of the validity of a notice to vacate requires interpretation of the agency's own regulations and orders, *see McKart v. United States*, 395 U.S. 185, 194, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969); *O'Neill v. Starobin, supra*, 364 A.2d at 153 (one reason for requiring exhaustion of administrative remedies is to give court benefit of application of agency expertise), and where frequent flouting of the administrative process would surely hinder the protection to tenants that the relevant regulations were designed to provide. *See McKart, supra*, 395 U.S. at 195, 89 S.Ct. at 1663 (flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures). *See generally Administrator of Veterans Affairs v. Valentine*, 490 A.2d 1165, 1168 (D.C.1985) (eviction restrictions part of comprehensive legislative scheme to protect rights of tenants). Thus, a housing provider must challenge a notice of non-compliance before the RACD and obtain a final agency decision as to the validity of the notice to vacate before using the notice to vacate as a basis for an action for possession and asking the court to rule that the notice is valid.

■ After a review of the facts in this case, we conclude that it is reasonable to interpret the landlord's letter of July 2, 1987 to the RACD as written argument challenging the RACD's notice of non-compliance. Thus, the landlord has not waived his right to object to the determination that his notice to vacate was invalid by failing to raise the objection at the agency level. After receipt of the letter, the agency should have either informed the landlord that the landlord's response to the notice of non-compliance was procedurally defective and would not prompt further review by the agency or reviewed the notice to vacate and issued a final written decision as to its validity. No final decision was ever issued by the RACD, however, and the administrative process before the agency has not been completed. We therefore remand the case to the Superior Court with instructions that it dismiss the case without prejudice so that the agency may complete its process and issue a final, written decision. Should the landlord bring a subsequent action for possession, the validity of the notice to vacate would then be properly before the court.

*So ordered.*

FERREN, Associate Judge, concurring:

It is very troubling to me that the Rental Accommodations and Conversion Division (RACD) issued a notice of non-compliance; the landlord understandably wrote a letter asking for an explanation and otherwise attempted to cure the problem by sending a statement of reasons for discontinuation of housing use; the RACD did nothing fur-

ther; and the landlord proceeded to court. Obviously, the landlord deserved a prompt reply to its communication in response to the notice of non-compliance, and just as obviously the landlord took a big chance by coming directly to court without finding a way to generate a reply from the agency. There has to be a better way than this case reflects to resolve what appears to be a fairly easy matter between landlord and agency; a lawsuit eventuating in this appeal has wasted a good deal of time and other resources unnecessarily.